COPY

1  TOWNSEND AND TOWNSEND AND CREW LLP
   GUY W. CHAMBERS (State Bar No. 101611)
2  MARC M. GORELNIK (State Bar No. 166833)
   Two Embarcadero Center, Eighth Floor
3  San Francisco, California 94111
   Telephone: (415) 576-0200
4  Facsimile: (415) 576-0300

5  Attorneys for Plaintiff
   CHICAGO METALLIC CORPORATION
6

7

8
                    UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  CHICAGO METALLIC CORPORATION,        Case No. CV 08 3042

12                 Plaintiff,            COMPLAINT FOR TRADEMARK
                                         INFRINGEMENT AND UNFAIR
13         v.                            COMPETITION

14  DETENTION DEVICE SYSTEMS,            JURY TRIAL DEMANDED
    INCORPORATED,
15
                   Defendant.
16

17

18                              COMPLAINT

19      Plaintiff Chicago Metallic Corporation ("CMC" or "Plaintiff"), by its attorneys, for its

20  Complaint against Defendant Detention Device Systems, Incorporated ("DDS" or "Defendant") states

21  as follows:

22                         NATURE OF THE ACTION

23      1.   This action arises from Defendant's unauthorized use of Plaintiff's trademark,

24  SECURLINE, in direct competition with Plaintiffs business. Defendant, without authorization or

25  approval from CMC, has adopted and used a confusingly similar trademark, namely, Secure-Line.

26  Defendant's unauthorized use of the Secure-Line mark is likely to cause confusion in the marketplace

27  as to whether CMC is the source or sponsor of Defendant's goods, and/or whether there is an

28  association between Plaintiff and Defendant and/or their respective products. Therefore, CMC asserts

the causes of action alleged herein, and seeks permanent injunctive relief, disgorgement of profits, statutory and actual damages, and all other appropriate relief as a result of Defendant's use of the Secure-Line mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Trademark Infringement) and state common law.

## PARTIES

2. Plaintiff is an Illinois corporation having its principal place of business at 4849 South Austin Avenue, Chicago, Illinois. Plaintiff's goods are offered worldwide and throughout the United States, including the Northern District of California.

3. Defendant Detention Device Systems, Incorporated, is a California corporation with its principal place of business at 25545 Seaboard Lane, Hayward, California.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has engaged in business activities in and directed at the State of California and within this judicial district, and because Defendant has knowingly committed a tortuous act within the State of California and this judicial district.

5. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Plaintiff's claims are based, in part, on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, et seq. This Court has jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial portion of the events giving rise to the claims occurred, and continue to occur, within the Northern District of California.

## INTRADISTRICT ASSIGNMENT

7. A substantial part of the events which give rise to the claims described herein arose in Alameda County, California where a number of the subject goods were displayed, offered for sale, and sold.

## PLAINTIFF'S BUSINESS AND MARK

8. CMC uses the registered mark SECURLINE to sell metal ceiling systems and

components therefore and, more specifically, metal ceiling systems particularly suited for use in high abuse areas, such as correctional and detention facilities, manufacturing areas and gymnasiums.

9.  Since at least as early as September 1994, Plaintiff has continuously used the mark SECURLINE in commerce in connection with metal ceiling systems.

10. On May 18, 1994, Plaintiff applied to register the SECURLINE mark, and on February 11, 1997, the SECURLINE mark became the subject of United States Trademark Registration No. 2,037,450. The SECURLINE registration is statutorily incontestable pursuant to 15 U.S.C. § 1065 A copy of this registration is attached hereto as <u>Exhibit A</u>.

## DEFENDANT'S CONDUCT

11. Defendant operates a business marketing various building products under the trademark Secure-Line, including ceiling systems, bar and mesh systems, door frames, visitation books and divider walls, all intended for use in prisons, jails and detention facilities.

12. Defendant's trademark is used in commerce in direct competition with CMC's business. Specifically, Defendant has engaged in and is now engaged in the business of providing metal ceiling systems under the trademark Secure-Line to capitalize on and to profit from CMC's goodwill associated with its SECURLINE trademark.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

13. CMC realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 12 above.

14. Prior to its adoption and use of the complained-of trademark, Defendant had either actual notice and knowledge, or constructive notice, pursuant to 15 U.S.C. § 1072, of CMC's registered mark, SECURLINE.

15. Defendant has used and continues to use in commerce the Secure-Line trademark that is confusingly similar to Plaintiffs registered SECURLINE mark, in connection with the sale, offering for sale, distribution and advertising of Defendant's goods and services.

16. Defendant's wrongful and unauthorized use in commerce of the Secure-Line trademark is likely to cause confusion, to cause mistake, and to deceive relative to CMC's registered mark,

SECURLINE.

17. Defendant's acts constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

18. Defendant's use of the Secure-Line trademark has caused and will continue to cause damage, in an amount to be proven at trial, to CMC.

19. In addition, CMC has been, is now, and will be irreparably harmed by Defendant's actions complained of herein, and unless enjoined by this Court, CMC will suffer further harm to its name, reputation and goodwill. This harm constitutes an injury for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION

## UNFAIR COMPETITION (15 U.S.C. § 1125(a))

20. CMC realleges and incorporates by reference each and every allegation set forth in paragraphs 1-19 above.

21. Defendant's use of the Secure-Line mark to promote, market or sell ceiling systems and related products in direct competition with CMC's SECURLINE products constitutes unfair competition pursuant to 15 U.S.C. § 1125(a). Defendant's use of the Secure-Line mark is likely to cause confusion, mistake and deception among consumers. Defendant's unfair competition has caused and will continue to cause damage to CMC, and is causing irreparable harm to CMC for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CALIFORNIA

## BUSINESS AND PROFESSIONS CODE § 17200 et seq.

22. CMC realleges and incorporates by reference each and every allegation set forth in paragraph 1-21 above.

23. Defendant's actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

24. Pursuant to California Business and Professions Code § 17203, CMC is entitled to preliminary and permanent injunctive relief ordering defendant to cease this unfair competition as well

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION
Case No.                                                                                                                    4

as disgorgement of all of Defendant's profits associated with this unfair competition.

## FOURTH CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT/UNFAIR COMPETITION

25. CMC realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 24 above.

26. CMC owns and has used SECURLINE as its distinctive trademark throughout the United States in connection with its sale of metal ceiling systems for almost 15 years. SECURLINE is a valid trademark under state common law.

27. Defendant's acts constitute trademark infringement under the common law of those states where Defendant has used marks confusingly similar to the SECURLINE mark, including California.

28. Defendant's unauthorized and infringing use in commerce of the SECURLINE mark constitutes unfair competition with CMC under the common law, in that such use enables Defendant to obtain the benefit of, and trade upon, the widespread recognition and goodwill of CMC; CMC has no control over the business of Defendant and its impact on CMC's goodwill; and such use is likely to cause confusion, mistake or deception, and result in the unjust enrichment of the Defendant.

29. In addition, CMC has been, is now, and will be irreparably harmed by Defendant's actions complained of herein, and unless enjoined by this Court, CMC will suffer further harm to its name, reputation and goodwill. This harm constitutes an injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, CMC respectfully prays for relief as follows:

1. Entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be preliminarily and thereafter permanently enjoined and restrained from (a) using in any manner the Secure-Line trademark, or any name or mark that wholly incorporates any of the SECURLINE trademark or is confusingly similar to or a colorable imitation of any such mark; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the

minds of members of the public, or current or prospective customers of CMC's products or services, as to the source of the products or services offered for sale, distributed, or sold by Defendant, or likely to deceive members of the public, or current or prospective customers, into believing that there is some connection between Defendant and CMC;

2.  A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon CMC within 30 days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and implemented adequate and effective means to discontinue doing business or offering or selling goods and services using the infringing trademark, as set forth above;

3.  A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate, all articles, promotional items, literature, sales aids, or other matter in the possession, custody, or under the control of Defendant or its agents or distributors, bearing any form of the infringing mark in any manner, or any mark that is confusingly similar to or a colorable imitation of the SECURLINE trademark, both alone and in combination with other words or terms, including all plates, molds, matrices, and other means of making such items;

4.  A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to delete any and all information and/or computer files bearing any form of the Secure-Line trademark in any manner, or any mark that is confusingly similar to or a colorable imitation of the SECURLINE mark, both alone and in combination with other words or terms, including but not limited to any text and/or images that are hosted on the Defendant's websites or on any of the Defendant's computers or hard drives or other storage media;

5.  A judgment requiring that Defendant account for and disgorge to CMC all of the profits realized by Defendant or others in active concert or participation with Defendant, relating to the use of the Secure-Line trademark, and, as the Court may deem appropriate, any additional amounts pursuant to 15 U.S.C. § 1117, plus interest;

6.  A judgment that CMC be awarded three (3) times Defendant's profits from its use of the Secure-Line trademark, together with CMC's reasonable attorneys' fees, pursuant to 15 U.S.C.

1  § 1117(a) and (b);.

2  7. A judgment, pursuant to California Business and Professions Code § 17203 granting
3  CMC preliminary and permanent injunctive relief, and allowing CMC to recover its costs and
4  attorneys' fees incurred in connection with this action;

5  8. A judgment, in connection with the above claims and as allowed under law, awarding
6  statutory and punitive damages in favor of CMC in an amount to be determined;

7  9. A judgment requiring that Defendant pay prejudgment interest; and

8  10. A judgment granting CMC such other and further relief as the Court deems just and
9  proper.

11  DATED: June 19, 2008                    Respectfully submitted,

                                            TOWNSEND AND TOWNSEND AND CREW LLP

                                            By: /s/ Marc M. Gorelnik
                                            Marc M. Gorelnik

                                            Attorneys for Plaintiff
                                            CHICAGO METALLIC CORPORATION

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Chicago Metallic Corporation demands a trial by jury on all issues triable of right by a jury.

DATED: June 19, 2008

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: /s/ Marc M. Gorelnik
    Marc M. Gorelnik

Attorneys for Plaintiff
CHICAGO METALLIC CORPORATION

Int. Cl.: 6

Prior U.S. Cls.: 2, 12, 13, 14, 23, 25, and 50

Reg. No. 2,037,450

**United States Patent and Trademark Office**  Registered Feb. 11, 1997

## TRADEMARK
### PRINCIPAL REGISTER

### SECURLINE

CHICAGO METALLIC CORPORATION (ILLINOIS CORPORATION)
4849 SOUTH AUSTIN AVENUE
CHICAGO, IL 60638

FOR: METAL CEILINGS AND PARTS THEREOF, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 9-0-1994; IN COMMERCE 9-0-1994.

SN 74-526,086, FILED 5-18-1994.

ALICE SUE CARRUTHERS, EXAMINING ATTORNEY

Document Description: **Notice of Acceptance Acknowledgement**   Mail / Create Date: **02-May-2003**



UNITED STATES
PATENT AND
TRADEMARK OFFICE

Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA  22202-3514
www.uspto.gov

REGISTRATION NO: 2037450     SERIAL NO: 74/526086     MAILING DATE: 05/02/2003
REGISTRATION DATE: 02/11/1997
MARK:  SECURLINE
REGISTRATION OWNER:  Chicago Metallic Corporation

**CORRESPONDENCE ADDRESS:**

KEITH W. MEDANSKY,
PIPER RUDNICK
P.O. BOX 64807
CHICAGO, IL 60664-0807

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

*************************************************

# NOTICE OF ACKNOWLEDGEMENT
15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 15 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

**ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.**

*************************************************

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
006.

HORN GORE, ARLENE J
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

**I) SECTION 8: AFFIDAVIT OF CONTINUED USE**

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

**II) SECTION 9: APPLICATION FOR RENEWAL**

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

Document Description: **Notice-Acceptance-Renewal**    Mail / Create Date: **09-Mar-2007**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2037450    SERIAL NO: 74/526086    MAILING DATE: 03/09/2007
REGISTRATION DATE: 02/11/1997
MARK: SECURLINE
REGISTRATION OWNER: Chicago Metallic Corporation

**CORRESPONDENCE ADDRESS:**

KEITH W. MEDANSKY
DLA PIPER US LLP
PO BOX 64807
CHICAGO, IL 64807

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

*************************************************

# NOTICE OF RENEWAL
15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

*************************************************

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
006.

LOGAN, TAMMY
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

**I) SECTION 8: AFFIDAVIT OF CONTINUED USE**

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

**II) SECTION 9: APPLICATION FOR RENEWAL**

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHICAGO METALLIC CORPORATION

## DEFENDANTS
DETENTION DEVICE SYSTEMS, INCORPORATED

**(b)** County of Residence of First Listed Plaintiff  Cook County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address and Telephone Number)
Guy W. Chambers
Marc M. Gorelnik
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA  94111
Telephone: 415.576.0200

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. sections 1114 & 1125(a)

Brief description of cause:
Trademark infringement and unfair competition

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: June 20, 2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ Marc Gorelnik

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

American LegalNet, Inc.  www.FormsWorkflow.com

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| CHICAGO METALLIC CORPORATION<br>Plaintiff<br>v.<br>DETENTION DEVICE SYSTEMS, INCORPORATED<br>Defendant | ) ) ) ) ) ) |

Civil Action No.

CV 08 3042

Summons in a Civil Action



EMC

To: *(Defendant's name and address)*

Detention Device Systems, Incorporated
25545 Seaboard Lane
Hayward, California

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Guy W. Chambers
Marc M. Gorelnik
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor, San Francisco, CA 94111

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RICHARD W. WIEKING
Name of clerk of court

Date: JUN 20 2008

Deputy clerk's signature

MARY ANN BUCKLEY

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

American LegalNet, Inc.
www.FormsWorkflow.com