RICHARD M. WILLIAMS (SBN 68032)
J. MARK THACKER (SBN 157182)
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA 95113-2429
Telephone:    (408) 287-6262
Facsimile:    (408) 918-4501

Attorneys for Defendant
DETENTION DEVICE SYSTEMS,
INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHICAGO METALLIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DETENTION DEVICE SYSTEMS,<br>INCORPORATED,<br><br>Defendants. | CASE NO. 3:08-cv-03042-EMC<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**REQUEST FOR JURY TRIAL** |

Defendant DETENTION DEVICE SYSTEMS, INCORPORATED ("Defendant") responds to the Complaint for Trademark Infringement and Unfair Competition ("Complaint") of Plaintiff CHICAGO METALLIC CORPORATION ("Plaintiff"), as follows:

**NATURE OF THE ACTION**

1. Defendant admits that Plaintiff has filed an action alleging the stated claims for relief. Defendant denies that any of these claims are legally sustainable, and further denies the remaining allegations of paragraph 1.

**PARTIES**

2. Defendant is without sufficient information to admit or deny the allegations in paragraph 2, and therefore denies them.

3. Defendant admits the allegations in paragraph 3.

### JURISDICTION AND VENUE

4. Defendant admits that it has engaged in business activities within this judicial district. Defendant denies the remaining allegations of paragraph 4.

5. Defendant denies that any of the stated claims for relief are legally sustainable. The remaining allegations of paragraph 5 are legal conclusions.

6. Defendant denies that any of the stated claims for relief are legally sustainable. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 6, and therefore denies them.

### INTRADISTRICT ASSIGNMENT

7. Defendant denies that any of the stated claims for relief are legally sustainable. Defendant denies the remaining allegations of paragraph 7.

### PLAINTIFF'S BUSINESS AND MARK

8. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 8, and therefore denies them.

9. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 9, and therefore denies them.

10. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 10, and therefore denies them.

### DEFENDANT'S CONDUCT

11. Defendant denies that it operates a business marketing visitation books under the trademark "Secure-Line", or any other trademark. Defendant admits the remaining allegations of paragraph 11.

12. Defendant admits that it has engaged in and continues to engage in the business of providing metal ceiling systems. Defendant denies the remaining allegations of paragraph 12.

### FIRST CLAIM FOR RELIEF

13. Defendant incorporates its responses to paragraph 1 through 12, above.

14. Defendant denies the allegations of paragraph 14.

15. Defendant admits that it has used and continues to use "Secure-Line" in commerce. Defendant denies the remaining allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

## SECOND CLAIM FOR RELIEF

20. Defendant incorporates its responses to paragraphs 1 through 19, above.

21. Defendant denies the allegations of paragraph 21.

## THIRD CLAIM FOR RELIEF

22. Defendant incorporates its responses to paragraphs 1 through 21, above.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

## FOURTH CLAIM FOR RELIEF

25. Defendant incorporates its responses to paragraph 1 through 24, above.

26. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 26, and therefore denies them.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the items set forth in its prayer for relief.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that each of Plaintiff's claims fails to state a claim upon which relief may be granted.

1  AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
2  ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED
3  THEREIN, this answering Defendant alleges that it first adopted "Secure-Line" to identify its
4  products without knowledge of Plaintiff's prior use thereof, if any. The date of Defendant's
5  adoption of the mark is prior to the registration and/or use of Plaintiff's trademark, as alleged in
6  the complaint. Furthermore, Defendant has used "Secure-Line" continuously since the date of
7  first adoption, as alleged above.

8  AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
9  ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED
10 THEREIN, this answering Defendant alleges that its use of "Secure-Line" is a use other than as
11 trade or service mark in that it is descriptive of, and is used by Defendant fairly and in good faith
12 only to describe its products to its users.

13 AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
14 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED
15 THEREIN, this answering Defendant alleges that Plaintiff is using its trademark to violate the
16 antitrust laws of the United States.

17 AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
18 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED
19 THEREIN, this answering Defendant alleges that its conduct was not the cause in fact, or the
20 proximate cause, of any of the losses alleged by Plaintiff.

21 AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
22 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED
23 THEREIN, this answering Defendant alleges that Plaintiff's alleged trademark is descriptive,
24 without having obtained secondary meaning, not a trademark from its inception, and incapable of
25 legal protection under the law.

26 AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
27 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
28 CONTAINED THEREIN, this answering Defendant alleges that the use of "Secure-Line"

constitutes fair use of the alleged mark.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that there is no actual confusion nor any likelihood of confusion between the alleged trademark and "Secure-Line."

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's alleged trademark is weak and/or unprotectable and not infringed, and therefore, the scope of protection for said alleged mark does not extend to Defendant's use of "Secure-Line." Defendant contends that there are numerous third party uses of similar marks.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff has abandoned its alleged rights in the alleged trademark by acts which have caused the mark to lose its significance.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's alleged trademark is not inherently distinctive, and has not become distinctive in that purchasers do not associate the name, mark or symbol with Plaintiff alone.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that there is no possibility of confusion as to the source of goods, and there is no reasonable implication of endorsement of goods.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff is attempting to unfairly

1  compete in violation of Federal and State unfair competition laws. Plaintiff's unfair competition
2  claims are based, in part, on inequitable conduct, including Plaintiff's attempt to force Defendant
3  out of business and injure Defendant's reputation.
4  AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
5  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
6  CONTAINED THEREIN, this answering Defendant alleges that Plaintiff has suffered no
7  damages by virtue of any of Defendant's alleged acts.
8  AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
9  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
10 CONTAINED THEREIN, this answering Defendant alleges that at all times it acted in good faith
11 and with good cause, and that Defendant's conduct was within the reasonable expectations of the
12 parties and was reasonably related to Defendant's legitimate business interests upon the basis of
13 reasonable factors.
14 AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
15 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
16 CONTAINED THEREIN, this answering Defendant alleges that the damages claimed by Plaintiff
17 could have been mitigated by due diligence on its part or by one acting under similar
18 circumstances, and that Plaintiff's failure to mitigate is a bar to its recovery under the complaint.
19 AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
20 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
21 CONTAINED THEREIN, this answering Defendant alleges that the complaint and each of its
22 purported claims for relief are barred by the doctrine of estoppel.
23 AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
24 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
25 CONTAINED THEREIN, this answering Defendant alleges that the complaint and each of its
26 purported claims for relief are barred by the doctrine of laches.
27 AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
28 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  CONTAINED THEREIN, this answering Defendant alleges that the complaint and each of its
2  purported claims for relief are barred by the doctrine of waiver.
3    AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
4  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
5  CONTAINED THEREIN, this answering Defendant alleges that the complaint and each of its
6  purported claims for relief are barred by the doctrine of unclean hands.
7    AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
8  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
9  CONTAINED THEREIN, this answering Defendant alleges that the complaint and each of its
10 purported claims for relief are barred because Plaintiff's trademark is invalid.
11   AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
12 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
13 CONTAINED THEREIN, this answering Defendant alleges that some or all of Plaintiff's claims
14 are barred by the privilege of fair competition.
15   AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
16 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
17 CONTAINED THEREIN, this answering Defendant alleges that each cause of action set forth in
18 the Complaint is barred by the applicable statutes of limitation, including but not limited to,
19 California Business and Professions Code section 17208, and California Code of Civil Procedure
20 sections 338, 340 and 343.
21   AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
22 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
23 CONTAINED THEREIN, this answering Defendant alleges that the complaint and each
24 purported claim for relief is barred by the doctrine of fair use.
25   This answering Defendant alleges that the complaint does not describe the alleged actions
26 with sufficient particularity to permit it to ascertain what other defenses may exist. Defendant
27 therefore reserves the right to assert all defenses that may pertain to the complaint and each claim
28

RC1/5158233.1/DB
ANSWER TO PLAINTIFF'S COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION
- 7 -
CASE NO. 3:08-CV-03042-EMC

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

for relief alleged therein.

Dated: July 29, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
J. MARK THACKER
Attorneys for Defendant
DETENTION DEVICE SYSTEMS, INCORPORATED

## DEMAND FOR JURY TRIAL

Defendant DETENTION DEVICE SYSTEMS, INCORPORATED, hereby requests a jury trial on all issues triable to a jury.

Dated: July 29, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
J. MARK THACKER
Attorneys for Defendant
DETENTION DEVICE SYSTEMS, INCORPORATED